UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

KIMBERLY OSORIO and                                     Case No.: 05 CV 10029 (JSR)(JCF)
MICHELLE JOYCE,

                              Plaintiffs,

        -against-                                       **SECOND AMENDED ANSWER**
                                                        **OF DEFENDANTS DAVID MAYS**
SOURCE ENTERPRISES, INC.; DAVID                         **AND RAYMOND SCOTT**
MAYS in his official and individual capacities;
and RAYMOND SCOTT, also known as
"BENZINO," in his official and individual
capacities,

                              Defendants.

-------------------------------------------------------------x

        Defendants David Mays and Raymond Scott, by their attorneys, Jackson Lewis LLP,

as and for their Second Amended Answer to the Complaint filed by Plaintiffs, Kimberly

Osorio and Michelle Joyce, respectfully allege as follows:

        1.      Deny each and every allegation set forth in paragraph "1" of the Complaint

except admit Plaintiffs purport to bring an action for declaratory, injunctive and equitable

relief, as well as monetary damages.   Defendants never have engaged in any unlawful

employment practices and never discriminated against, harassed or retaliated against

Plaintiffs or anyone else employed at Source.   The Source is committed to equal

employment opportunity and prohibits discrimination, harassment and retaliation.

        2.      Deny each and every allegation set forth in paragraph "2" of the Complaint,

and respectfully refer all questions of law to the Court.

        3.      Deny each and every allegation set forth in paragraph "3" of the Complaint,

and respectfully refer all questions of law to the Court.

        4.      Deny each and every allegation set forth in paragraph "4" of the Complaint

except admit Osorio was promoted to an Associate Music Editor to Music Editor to Executive Editor to Editor-in-Chief of The Source, which was the most senior editorial position at the company.  Osorio replaced a male Editor-in-Chief, Carlos Rodriguez, and was paid a higher salary as a beginning Editor-in-Chief than Rodriguez had been paid at the time of his departure from The Source, after he had served in that capacity for approximately five years.  Deny knowledge and information sufficient to form a belief as to whether Osorio is a resident of the State of New Jersey, Bergen County and respectfully refer all questions of law to the Court.

5.    Deny each and every allegation set forth in paragraph "5" of the Complaint except admit Joyce was a Vice President of Marketing.  Joyce replaced a male Marketing Director, Jeff Jones, and her starting salary was $30,000.00 greater than Jones's starting salary had been, without considering her bonuses.  Deny knowledge and information sufficient to form a belief as to whether Joyce is a resident of the State of New Jersey, Hudson County and respectfully refer all questions of law to the Court.

6.    Deny each and every allegation set forth in paragraph "6" of the Complaint except admit The Source, with its principal place of business at 215 Park Avenue South and/or 28 West 23rd Street during Plaintiffs' employment, publishes The Source magazine, referred by some as the "Bible of Hip Hop, sells clothing, mobile telephones, compact discs and other products relating to rap music and hip-hop culture.

7.    Deny each and every allegation set forth in paragraph "7" of the Complaint and respectfully refer all questions of law contained therein to the Court.

8.    Deny each and every allegation set forth in paragraph "8" of the Complaint

2

except admit David Mays is the co-founder, co-owner and Chief Executive Officer of the Source and he resides in the State of New Jersey, Bergen County. Mays never discriminated against, harassed or retaliated against Plaintiffs or any other employee at The Source.

9.     Deny each and every allegation set forth in paragraph "9" of the Complaint except admit Raymond Scott is the co-owner and Chief Brand Executive of the Source and he resides in the State of New Jersey, Bergen County. Scott never discriminated against, harassed or retaliated against Plaintiffs or any other employee at The Source.

10.     Deny each and every allegation set forth in paragraph "10" of the Complaint except admit Plaintiffs filed charges of discrimination ("Charges") with the Equal Employment Opportunity Commission ("EEOC") on or about April 11, 2005 and the EEOC issued notices of their right to sue ("Notices") on or about November 10, 2005, more than 180 days after the Charges were filed. Deny knowledge and information sufficient to form a belief as to whether Plaintiffs received the Notices on or about November 10, 2005. Defendants respectfully refer all questions of law to the Court.

11.     Deny knowledge and information sufficient to form a belief as to whether Plaintiffs served a copy of their Complaint on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York as alleged in paragraph "11" of the Complaint. Defendants respectfully refer all questions of law to the Court.

12.     Deny each and every allegation set forth in paragraph "12" of the Complaint and respectfully refer all questions of law contained therein.

13.     Deny each and every allegation set forth in paragraph "13" of the Complaint except admit Osorio began working that The Source as a free-lance writer in or about May 1998 and was promoted from Associate Music Editor to Music Editor to Executive Editor and to Editor-in-Chief of The Source, with the approval of Mays and Scott.   Deny knowledge and information sufficient to form a belief as to whether Osorio graduated from Fordham University or earned a law degree.

14.     Deny each and every allegation set forth in paragraph "14" of the Complaint except admit in or about October 2002, Osorio became the first female Editor-in-Chief at The Source and served in that capacity until she was discharged due to her unacceptably poor performance in that position on or about March 8, 2005.   Osorio was unable to perform the vastly expanded duties of an Editor-in-Chief.   Among other things, she repeatedly failed to prepare the magazine for closing within the necessary time limits so that it could be bound and loaded on trucks and lacked the necessary leadership skills to manage her staff. Shortly before her discharge, Osorio failed to enforce one of The Source's policies and that failure resulted in an unpleasant incident with a recording artist. Deny knowledge and information sufficient to form a belief as to whether Osorio's promotion to Editor-in-Chief generated significant press coverage in the rap music industry and the mainstream media.

15.     Deny each and every allegation set forth in paragraph "15" of the Complaint except admit Osorio's duties included managing a staff of over 25 employees, including freelance writers and all the other editors at The Source, in her position as Editor-in-Chief. One of Osorio's most serious performance deficiencies was her inability to manage the

4

staff well. Deny each and every remaining allegation in this paragraph.

16.     Deny each and every allegation set forth in paragraph "16"of the Complaint except admit Joyce began working at The Source as a Marketing Consultant in September 2003 and was promoted to Vice President of Marketing in November 2003. The Vice President of Marketing was subsequently eliminated and no one ever has been hired to replace Joyce. Deny knowledge and information sufficient to form a belief as to whether Joyce had earned a degree from New York University and also served as Vice President of Marketing at MCA Records and Epic Records.

17.     Deny each and every allegation set forth in paragraph "17" of the Complaint except admit, in her position as Vice President of Marketing, Joyce was responsible for developing the marketing strategy for branded properties of The Source, including the magazine and the clothing line and the Source Awards are a rap music awards ceremony televised each year to over seven million viewers. In 2003, Joyce participated in arranging a "viewing party" in connection with the airing of the awards, which is one of the most significant promotional events held by The Source. The viewing party was intended to broadcast the ceremony to The Source's guests and Joyce failed to ensure that the sound system worked, resulting in a broadcast of a picture without sound.

18.     Deny each and every allegation set forth in paragraph "18" of the Complaint except admit during her employment at The Source, Joyce reported directly to Mays and was responsible for the 2004 Source Awards held in Miami which was attended by some of the most prominent recording artists and music producers in rap music. Joyce was responsible for the viewing party in November 2004 and again, this important event was

5

plagued with technical difficulties.  There was no video feed for the broadcast so all guests had to view the awards ceremony on a single television monitor.   The entire marketing department was reprimanded for this second incident and Mays told Joyce he was possibly going to eliminate her position.  After this second marketing disaster and on the evening of her discussion with Mays, Joyce asked the Director of Human Resources whether she was going to be fired.  Joyce was discharged on or about January 5, 2005 for poor performance and because her job was eliminated.  To date, the position of Vice President of Marketing does not exist.

19.     Deny each and every allegation set forth in paragraph "19" of the Complaint except admit,  in her position as Vice President of Marketing, Joyce managed four employees and one intern, including two male staff members, Jermaine Woods, a Promotions Manager, and Ousname Sam, who was a Marketing Coordinator.  One of Joyce's performance deficiencies was that she delegated most of her own job responsibilities to these subordinates and thus effectively did not perform much work on behalf of The Source.

20.     Deny each and every allegation set forth in paragraph "20" of the Complaint except admit Scott is a well-known hip hop artist from Boston, known as Benzino.

21.     Deny each and every allegation set forth in paragraph "21" of the Complaint except admit Scott used profanities as alleged in paragraph "21 of the Complaint. Both he and Mays have used profanity during conversations with one another and with both male and female employees when disappointed in their performance or during a discussion involving differences of opinion.

6

22.     Deny each and every allegation set forth in paragraph "22" of the Complaint.

23.     Deny each and every allegation set forth in paragraph "23" of the Complaint.

24.     Deny each and every allegation set forth in paragraph "24" of the Complaint.
Osorio never complained about the purported conduct now alleged in this paragraph.

25.     Deny each and every allegation set forth in paragraph "25" of the Complaint.
Osorio never complained about the purported conduct now alleged in this paragraph.

26.     Deny each and every allegation set forth in paragraph "26" of the Complaint.
Osorio never complained about the purported conduct now alleged in this paragraph.

27.     Deny each and every allegation set forth in paragraph "27" of the Complaint.
Osorio never complained about the purported conduct now alleged in this paragraph.

28.     Deny each and every allegation set forth in paragraph "28" of the Complaint.
Osorio never complained about the purported conduct now alleged in this paragraph.

29.     Deny each and every allegation set forth in paragraph "29" of the Complaint.
Shortly before her termination, in early 2005, Osorio was counseled by Scott and Mays
concerning her performance issues.    Scott and Mays warned her ongoing poor
performance might lead to a demotion or termination.  After that meeting, Osorio went to
Julie Als, the Vice President of Human Resources and Operations, and said she had been
asked to step down as Editor-in-Chief.  Shortly thereafter, Osorio suddenly complained
about discrimination in a cryptic e-mail which did not include a single fact to support the
vague and general charge of gender discrimination.  When Als questioned Osorio about
the e-mail complaint, Osorio refused to reveal the basis of her complaint.

30.     Deny each and every allegation set forth in paragraph "30" of the Complaint.

7

Joyce never complained about the purported conduct now alleged in this paragraph.

31.    Deny each and every allegation set forth in paragraph "31" of the Complaint. Joyce never complained about the purported conduct now alleged in this paragraph.

32.    Deny each and every allegation set forth in paragraph "32" of the Complaint. Joyce never complained about the purported conduct now alleged in this paragraph.

33.    Deny each and every allegation set forth in paragraph "33" of the Complaint. Joyce never complained about the purported conduct now alleged in this paragraph.

34.    Deny each and every allegation set forth in paragraph "34" of the Complaint. Joyce never complained about discrimination of any kind before filing her EEOC Charge. Even at the time of her termination, and during friendly communications between Joyce and The Source thereafter, Joyce did not mention discrimination, harassment or retaliation of any kind.

35.    Deny each and every allegation set forth in paragraph "35" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

36.    Deny each and every allegation set forth in paragraph "36" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

37.    Deny each and every allegation set forth in paragraph "37" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

38.    Deny each and every allegation set forth in paragraph "38" of the Complaint.

8

No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

39.     Deny each and every allegation set forth in paragraph "39" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph. Als never received a sexual harassment complaint against Scott and therefore had nothing to remediate.

40.     Deny each and every allegation set forth in paragraph "40" of the Complaint. Joyce lost her job because of her unacceptable performance and because the Source decided her position would be eliminated.

41.     Deny each and every allegation set forth in paragraph "41" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

42.     Deny each and every allegation set forth in paragraph "42" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

43.     Deny each and every allegation set forth in paragraph "43" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

44.     Deny each and every allegation set forth in paragraph "44" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

45.     Deny each and every allegation set forth in paragraph "45" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

46.     Deny each and every allegation set forth in paragraph "46" of the Complaint.

47.     Deny each and every allegation set forth in paragraph "47" of the Complaint. Osorio never complained about the purported conduct alleged in this paragraph.

48.     Deny each and every allegation set forth in paragraph "48" of the Complaint.

Joyce never complained about the purported conduct alleged in this paragraph.

49.     Deny each and every allegation set forth in paragraph "49" of the Complaint.

50.     Deny each and every allegation set forth in paragraph "50" of the Complaint. On or about December 2, 2003, Osorio reported a single incident with Antoine Clark during which they had a heated argument, profanity was used by both parties. The Source immediately addressed this incident and Osorio never complained about Clark again. She even traveled out of town on business with him without objection following this incident.

51.     Deny each and every allegation set forth in paragraph "51" of the Complaint.

52.     Deny each and every allegation set forth in paragraph "52" of the Complaint.

53.     Deny each and every allegation set forth in paragraph "53" of the Complaint. Jeremy Miller of The Source held a meeting with Osorio and Clark to resolve their differences. Thereafter Osorio never again complained about Clark.

54.     Deny each and every allegation set forth in paragraph "54" of the Complaint.

55.     Deny each and every allegation set forth in paragraph 55 of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

56.     Deny each and every allegation set forth in paragraph "56" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

57.     Deny each and every allegation set forth in paragraph "57" of the Complaint. No employee, including either Plaintiff, ever reported the conduct alleged in this paragraph.

58.     Deny each and every allegation set forth in paragraph "58" of the Complaint. No employee, including either Plaintiff, ever reported or complained about the allegedly derogatory images referred to in this paragraph.

10

59.     Deny each and every allegation set forth in paragraph "59" of the Complaint. Neither Plaintiff ever reported that anything was interfering with her ability to work, even when their performance was criticized.

60.     Deny each and every allegation set forth in paragraph "60" of the Complaint except admit The Source hired some of Scott's male associates from Boston.

61.     Deny each and every allegation set forth in paragraph "61" of the Complaint. As previously stated, Plaintiffs themselves were treated more favorably than their male predecessors.  No employee, including either Plaintiff, ever complained about unequal treatment in the workplace.

62.     Deny each and every allegation set forth in paragraph "62" of the Complaint. No employee, including either Plaintiff, ever complained about unequal treatment in the workplace.

63.     Deny each and every allegation set forth in paragraph "63" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

64.     Deny each and every allegation set forth in paragraph "64" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

65.     Deny each and every allegation set forth in paragraph "65" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

66.     Deny each and every allegation set forth in paragraph "66" of the Complaint.

11

No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

67.     Deny each and every allegation set forth in paragraph "67" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

68.     Deny each and every allegation set forth in paragraph "68" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph. Osorio was paid more than her male predecessor and Joyce was paid a higher starting salary than her male predecessor. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

69.     Deny each and every allegation set forth in paragraph "69" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

70.     Deny each and every allegation set forth in paragraph "70" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

71.     Deny each and every allegation set forth in paragraph "71" of the Complaint. Osario never complained about the purported conduct now alleged in this paragraph.

72.     Deny each and every allegation contained in paragraph "72" of the Complaint.  Osario never complained about the purported conduct now alleged in this paragraph.

73.     Deny each and every allegation set forth in paragraph "73" of the Complaint.

12

No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

74.     Deny each and every allegation set forth in paragraph "74" of the Complaint. No employee, including either Plaintiff, ever complained about the conduct alleged in this paragraph.

75.     Deny each and every allegation set forth in paragraph "75" of the Complaint. Osario never complained about the purported conduct now alleged in this paragraph.

76.     Deny each and every allegation set forth in paragraph "76" of the Complaint. Osario never complained about the purported conduct now alleged in this paragraph.

77.     Deny each and every allegation contained in paragraph "77" of the Complaint.   Osario never complained about the purported conduct now alleged in this paragraph.

78.     Deny each and every allegation contained in paragraph "78" of the Complaint.   Osario never complained about the purported conduct now alleged in this paragraph.

79.     Deny each and every allegation set forth in paragraph "79" of the Complaint. Osorio complained once in a bare cryptic e-mail after she had been warned that her ongoing poor performance might lead to a demotion or termination.  When questioned about the e-mail complaint, Osorio refused to provide the underlying facts to her bare and conclusory allegation.

80.     Deny each and every allegation set forth in paragraph "80" of the Complaint. Als attempted to investigate Osorio's February 23, 2005 e-mail as soon as Als learned of it,

13

but Osorio refused to cooperate in that investigation.

81.  Deny each and every allegation set forth in paragraph "81" of the Complaint except admit Als advised Mays and Scott of Osorio's e-mail while they were in foreign country on business.

82.  Deny each and every allegation set forth in paragraph "82" of the Complaint.

83.  Deny each and every allegation set forth in paragraph "83" of the Complaint except admit Osorio was discharged on March 8, 2005 because of her poor performance.

84.  Deny each and every allegation set forth in paragraph "84" of the Complaint.

85.  Deny each and every allegation set forth in paragraph "85" of the Complaint.

86.  Deny each and every allegation set forth in paragraph "86" of the Complaint.

87.  Deny each and every allegation set forth in paragraph "87" of the Complaint except admit Joyce was discharged in January 2005 for poor performance and because her position was being eliminated.

88.  Deny each and every allegation set forth in paragraph "88" of the Complaint.

89.  Deny each and every allegation set forth in paragraph "89" of the Complaint except admit Scott was interviewed in or about March 2005 and stated his opinion that Osorio had tried to extort The Source by lodging a false complaint of gender discrimination, in an effort to keep her job.

90.  Deny each and every allegation set forth in paragraph "90" of the Complaint.

91.  Deny each and every allegation set forth in paragraph "91" of the Complaint.

92.  Deny each and every allegation set forth in paragraph "92" of the Complaint.

93.  Deny each and every allegation set forth in paragraph "93" of the Complaint.

14

## PLAINTIFFS' FIRST CAUSE OF ACTION

94.     Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "93" as if fully set forth herein.

95.     Deny each and every allegation set forth in paragraph "95" of the Complaint.

96.     Deny each and every allegation set forth in paragraph "96" of the Complaint.

97.     Deny each and every allegation set forth in paragraph "97" of the Complaint.

98.     Deny each and every allegation set forth in paragraph "98" of the Complaint.

## PLAINTIFFS' SECOND CAUSE OF ACTION

99.     Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "98" as if fully set forth herein.

100.    Deny each and every allegation set forth in paragraph "100" of the Complaint.

101.    Deny each and every allegation set forth in paragraph "101" of the Complaint.

102.    Deny each and every allegation set forth in paragraph "102" of the Complaint.

103.    Deny each and every allegation set forth in paragraph "103" of the Complaint.

## PLAINTIFFS' THIRD CAUSE OF ACTION

104.    Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "103" as if fully set forth herein.

105.    Deny each and every allegation set forth in paragraph "105" of the Complaint.

106.    Deny each and every allegation set forth in paragraph "106" of the Complaint.

107.    Deny each and every allegation set forth in paragraph "107" of the Complaint.

## PLAINTIFFS' FOURTH CAUSE OF ACTION

108.    Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "107" as if fully set forth herein.

      109.   Deny each and every allegation set forth in paragraph "109" of the Complaint.

      110.   Deny each and every allegation set forth in paragraph "110" of the Complaint.

      111.   Deny each and every allegation set forth in paragraph "111" of the Complaint.

## PLAINTIFFS' FIFTH CAUSE OF ACTION

      112.   Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "111" as if fully set forth herein.

      113.   Deny each and every allegation set forth in paragraph "113" of the Complaint.

      114.   Deny each and every allegation set forth in paragraph "114" of the Complaint.

      115.   Deny each and every allegation set forth in paragraph "115" of the Complaint.

## PLAINTIFFS' SIXTH CAUSE OF ACTION

      116.   Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "115" as if fully set forth herein.

      117.   Deny each and every allegation set forth in paragraph "117" of the Complaint.

      118.   Deny each and every allegation set forth in paragraph "118" of the Complaint.

      119.   Deny each and every allegation set forth in paragraph "119" of the Complaint.

      120.   Deny each and every allegation set forth in paragraph "120" of the Complaint.

## PLAINTIFFS' SEVENTH CAUSE OF ACTION

      121.   Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "120" as if fully set forth herein.

      122.   Deny each and every allegation set forth in paragraph "122" of the Complaint.

      123.   Deny each and every allegation set forth in paragraph "123" of the Complaint.

16

124.   Deny each and every allegation set forth in paragraph "124" of the Complaint.

125.   Deny each and every allegation set forth paragraph "125" of the Complaint.

## PLAINTIFFS' EIGHTH CAUSE OF ACTION

126.   Defendants hereby repeat and incorporate each and every answer in

paragraphs "1" through "125" as if fully set forth herein.

127.   Deny each and every allegation set forth in paragraph "127" of the Complaint.

128.   Deny each and every allegation set forth in paragraph "128" of the Complaint.

129.   Deny each and every allegation set forth in paragraph "129" of the Complaint.

130.   Deny each and every allegation set forth in paragraph "130" of the Complaint.

## PLAINTIFFS' NINTH CAUSE OF ACTION

131.   Defendants hereby repeat and incorporate each and every answer in

paragraphs 1 through "130" as if fully set forth herein.

132.   Deny each and every allegation set forth in paragraph "132" of the Complaint.

133.   Deny each and every allegation set forth in paragraph "133" of the Complaint.

134.   Deny each and every allegation set forth in paragraph "134" of the Complaint.

135.   Deny each and every allegation set forth in paragraph "135" of the

Complaint.

136.   Deny each and every allegation set forth in paragraph "136" of the Complaint.

137.   Deny each and every allegation set forth in paragraph "137" of the Complaint.

138.   Deny each and every allegation set forth in paragraph "138" of the Complaint.

139.   Deny each and every allegation set forth in paragraph "139" of the Complaint.

140.   Deny each and every allegation set forth in paragraph "140" of the Complaint.

141. Deny each and every allegation set forth in paragraph "141" of the Complaint.

142. Deny each and every allegation set forth in paragraph "142" of the

Complaint.

143. Deny each and every allegation set forth in paragraph "143" of the Complaint.

144. Deny each and every allegation set forth in paragraph "144" of the Complaint.

145. Deny each and every allegation set forth in paragraph "145" of the Complaint.

## PLAINTIFFS' TENTH CAUSE OF ACTION

146. Defendants hereby repeat and incorporate each and every answer in

paragraphs 1 through "145" as if fully set forth herein.

147. Deny each and every allegation set forth in paragraph "147" of the Complaint.

148. Deny each and every allegation set forth in paragraph "148" of the Complaint.

149. Deny each and every allegation set forth in paragraph "149" of the Complaint.

150. Deny each and every allegation set forth in paragraph "150 " of the

Complaint.

151. Deny each and every allegation set forth in paragraph "151" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

152. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

153. This Court lacks subject matter jurisdiction with respect to some or all of Plaintiff's alleged claims because Plaintiffs have failed to fully perform the requisite statutory conditions precedent to a private cause of action.

## THIRD AFFIRMATIVE DEFENSE

154. Some or all of Plaintiff's alleged claims are barred by the applicable statutes

18

of limitation.

## FOURTH AFFIRMATIVE DEFENSE

155.   Any and all tangible employment actions affecting Plaintiffs were based on legitimate, non-discriminatory and non-retaliatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

156.   Plaintiffs unreasonably failed to utilize the preventative or remedial measures of the procedures for reporting discrimination, harassment and retaliation under The Source's employment policies.

## SIXTH AFFIRMATIVE DEFENSE

157.   Defendants acted appropriately to prevent and promptly correct any prohibited behavior alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

158.   Plaintiffs are barred or limited from recovering damages based on Plaintiffs' failure to mitigate said damages.

## EIGHTH AFFIRMATIVE DEFENSE

159.   Plaintiffs are not entitled to punitive damages because Defendants had an anti-discrimination policy in place at all relevant times and engaged in good faith efforts to enforce said policy.

## NINTH AFFIRMATIVE DEFENSE

160.   The statements complained of are not defamatory.

## TENTH AFFIRMATIVE DEFENSE

161.   The statements complained of are opinion, not fact.

## ELEVENTH AFFIRMATIVE DEFENSE

162.   The statements complained of are true.

## TWELFTH AFFIRMATIVE DEFENSE

163.   The statements complained of are qualifiedly privileged and therefore cannot support a claim of defamation.

## THIRTEENTH AFFIRMATIVE DEFENSE

164.   Plaintiffs' claims for damages and other relief are barred, in whole or in part, by the after-acquired evidence doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

165.   In the event liability of Defendants is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent or independent contractor, Defendants reserve their rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including but not limited to Defendants' implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

166.   Plaintiffs' claims against Defendants are barred, in whole or in part, by the unclean hands doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

167.   At all times relevant hereto, Defendants have acted in good faith based on reasonable factors other than gender, and have not violated any rights which may be secured to Plaintiffs under any federal, State, city or local laws, rules, regulations, codes or guidelines.

**WHEREFORE**, Defendants respectfully request the Court to:

a.   Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b.   Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c.   Award Defendants the reasonable attorneys' fees and costs Defendants incur in defending this action; and

d.   Grant Defendants such other and further relief as the Court deems just and proper.

21

Respectfully submitted,

JACKSON LEWIS LLP
    One North Broadway
    White Plains, New York  10601
    (914) 328-0404

By: _____
    Scott T. Baken (SB 9631)
    Daniel V. Duff (DD 4334)

ATTORNEYS FOR DEFENDANTS
DAVID MAYS AND RAYMOND SCOTT

DATED:  March 31, 2006
        White Plains, New York

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

KIMBERLY OSORIO and                                    Case No.:   05 CV 10029
(JSR)(JCF)
MICHELLE JOYCE,

                             Plaintiffs,

        -against-

SOURCE ENTERPRISES, INC.; DAVID
MAYS in his official and individual capacities;
and RAYMOND SCOTT, also known as
"BENZINO," in his official and individual
capacities,

                             Defendants.

-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

        I hereby certify that on March 31, 2006, a true and correct copy of the Second

Amended Answer Of Defendants David Mays and Raymond Scott was served upon

Plaintiffs Kimberly Osorio and Michelle Joyce by placing said document in a properly

addressed, postage prepaid envelope and mailing it by First Class United States Mail to

Plaintiffs' counsel of record, Kenneth P. Thompson, Esq., at Mr. Thompson's office of

record, Thompson Wigdor & Gilly LLP, located at 350 Fifth Avenue, Suite 5720, New York,

NY 10118.

        I hereby further certify that on March 31, 2006, a true and correct copy of the

Second Amended Answer Of Defendants David Mays and Raymond Scott was served

upon Defendant Source Enterprises, Inc., by placing said document in a properly

addressed, postage prepaid envelope and mailing it by First Class United States Mail to

Defendant Source's counsel of record Mercedes Colwin, Esq., at Ms. Colwin's office of

23

record, Gordon & Rees, LLP, located at One Liberty Plaza, 23rd Floor, New York, New York  10006.

I further hereby certify that on March 31, 2006 the foregoing document was filed with the Clerk of the Court and served in accordance with the United States District Court For The Eastern District of New York's Rules On Electronic Service upon Plaintiffs' counsel of record, Kenneth P. Thompson, Esq.

_____
Daniel V. Duff, Esq.

To:   Kenneth Thompson, Esq.
      Michelle M. LeRoux, Esq.
      Thompson Wigdor & Gilly, LLP
      Attorneys for Plaintiffs
      350 Fifth Avenue – Suite 5720
      New York, New York  10118


H:\BakenS\Source\Pleadings\Amended Answer DVD.DOC

24

c